## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN KEITH JOHNSON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) **CIVIL ACTION NO. _____** |
| **SPRINGLEAF FINANCIAL SERVICES,** | ) ) |
| **Defendant.** | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant Springleaf Financial Services of Alabama, Inc., referred to in the Complaint as "Springleaf Financial Services" (hereinafter, "Springleaf"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, files this Notice of Removal of this action from the Circuit Court of Jefferson County, Alabama, where it was originally filed, to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for the removal of this action, Springleaf states as follows:

### I. INTRODUCTION

1.  On or about June 12, 2015, plaintiff Brian Keith Johnson ("Plaintiff") commenced this civil action against Springleaf by filing a Complaint in the Circuit Court of Jefferson County, Alabama, styled *Brian Keith Johnson v. Springleaf Financial Services*, Civil Action No. CV-2015-00213. (*See* Compl., attached as a part of **Exhibit 1** hereto.) The Circuit Court of Jefferson County, Alabama is a state court within this judicial district and division.

2. In his Complaint, Plaintiff alleges that Springleaf violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by allegedly making unauthorized inquiries on his credit reports. (*See generally* Compl.)

3. Plaintiff seeks $145,000 in damages for these alleged FCRA violations. (*See generally* Compl.)

4. Springleaf was served with process on June 29, 2015. True and correct copies of "all process, pleadings, and orders" served upon Springleaf to date, as well as additional documents from the state court's file, are attached hereto as **Exhibit 1**.

## II. FEDERAL QUESTION JURISDICTION

5. This case is properly removable, pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. 28 U.S.C. § 1331 provides that this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. Plaintiff's Complaint, which alleges Springleaf violated FCRA, asserts claims arising under the Constitution, laws or treaties of the United States.

8. Because Plaintiff has asserted claims arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over Plaintiff's claims, pursuant to 28 U.S.C. §§ 1331 and 1441(a).

### III. DIVERSITY JURISDICTION

9. This case is also removable because it is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

10. Springleaf is a Delaware corporation with its principal place of business in Evansville, Indiana.

11. Upon information and belief, Plaintiff is a resident and citizen of Alabama.

12. Because Springleaf is a citizen of Delaware and Indiana, and Plaintiff is a citizen of Alabama, complete diversity of citizenship exists in the present action.

13. Moreover, Plaintiff's Complaint demands $145,000 in damages, an amount which plainly exceeds $75,000.

14. Considering the foregoing, this Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV. ADOPTION AND RESERVATION OF DEFENSES

15. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Springleaf's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) improper joinder of claims; (4) improper joinder of parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Ala. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### V. PROCEDURAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17.     This removal is timely under 28 U.S.C. § 1446, as it is being filed within 30 days of the date on which Plaintiff served Springleaf with the Complaint.

18.     True, correct, and certified copies of "all process, pleadings, and orders" filed to date are attached hereto as **Exhibit 1** in conformity with 28 U.S.C. § 1446(a).

19.     Springleaf has heretofore sought no similar relief.

20.     Removal is properly made to the United States District Court for the Northern District of Alabama, Southern Division under 28 U.S.C. § 1441(a) because this is the District and Division embracing the place where this action is pending in state court (i.e., Jefferson County).  *See* 28 U.S.C. §§ 81(a).

21.     Springleaf reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

22.     Contemporaneously with the filing of this Notice of Removal, Springleaf has filed a copy of the same, along with a Notice of Filing Notice of Removal, with the clerk of the Circuit Court of Jefferson County, Alabama.  Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE**, Springleaf prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted this 28th day of July, 2015.

        */s/ E. Jordan Teague*
        David A. Elliott (ELL027)
        E. Jordan Teague (TEA016)

        **BURR & FORMAN LLP**
        420 North 20th Street, Suite 3400
        Birmingham, Alabama 35203
        Telephone: (205) 251-3000
        Facsimile: (205) 458-5100
        delliott@burr.com
        jteague@burr.com

        Attorneys for Defendant
        SPRINGLEAF FINANCIAL SERVICES OF ALABAMA, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing NOTICE OF REMOVAL by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 28th day of July, 2015:

Brian Keith Johnson<br>
1127 5th Avenue West<br>
Birmingham, Alabama 35204

                                    */s/ E. Jordan Teague*
                                    OF COUNSEL