FILED

2015 Aug-20  PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| BRIAN KEITH JOHNSON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **Case No.: 2:15-CV-1268-RDP** |
| | } | |
| SPRINGLEAF FINANCIAL SERVICES, | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Compel Arbitration and Stay Litigation. (Doc. # 4). In response to Defendant's Motion, Plaintiff has submitted a Declaration. (Doc. # 6). For the reasons stated below, the court concludes that Defendant's Motion (Doc. # 4) is due to be granted.

## I.  BACKGROUND

On June 13, 2012, Plaintiff applied for and received a loan in the amount of $2,500.00 from Defendant. (Doc. # 4-1 at 4-14; Doc. # 6). In connection with that loan transaction, Plaintiff signed a Loan Agreement and Disclosure Statement containing an Arbitration Agreement and Waiver of Jury Trial. (Doc. # 4-1; Doc. # 6 ("I Brian K. Johnson did sign a letter of agreement for arbitration at the time the loan was applied for.")).

The Arbitration Agreement at issue provides as follows:

CLAIMS AND DISPUTES COVERED. Except for those claims mentioned below under the heading "MATTERS NOT COVERED BY ARBITRATION," Lender and I agree that either party may elect to resolve by BINDING ARBITRATION *all claims and disputes between us* ("Covered Claims"). This includes, but is not limited to, all claims and disputes arising out of, in connection with, or relating to:

> My loan from Lender today; any previous loan from Lender . . . ; all documents, promotions, advertising, actions, or omissions relating to this or any previous loan . . . ; *whether the claim or dispute must be arbitrated; the validity and enforceability of this Arbitration Agreement* and the Agreement, my understanding of them, or any defenses as to the validity and enforceability of the Agreement and this Arbitration Agreement . . . ; the closing, servicing, collecting, or enforcement of any transaction covered by this Arbitration Agreement; any allegation of fraud or misrepresentation; *any claim based on or arising under any federal, state, or local law, statute,* regulation, ordinance, or rule; any claim based upon state or federal property laws; *any claim based on the improper disclosure of any information protected under state or federal consumer privacy laws*; *any claim or dispute based on any alleged tort (wrong)*, including intentional torts; and any claim for injunctive, declaratory, or equitable relief.

(Doc. # 4-1 at 7; Doc. # 6) (emphasis added).

On or about June 12, 2015, Plaintiff sued Defendant in the Circuit Court of Jefferson County, Alabama. Plaintiff asserted a claim under the Fair Credit Reporting Act, and alleges that, on or about November 19, 2013, Defendant disclosed his personal information in connection with a loan to another customer. (Doc. # 1-1 at 3). On July 28, 2015, Defendant removed this action to this court and, on August 4, 2015, moved to compel arbitration and stay this litigation. (Doc. # 4).

## II.   DISCUSSION

The Federal Arbitration Act (FAA) provides that a written agreement in any contract to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This provision 'reflect[s] both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract.'" *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1349 (11th Cir. 2014) (quoting *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011)). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and

enforce them according to their terms." *Inetianbor*, 768 F.3d at 1349 (quoting *Concepcion*. 131 S. Ct. at 1745); *see also, e.g., Am. Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304, 2309 (2013) ("This text reflects the overarching principle that arbitration is a matter of contract. And consistent with that text, courts must rigorously enforce arbitration agreements according to their terms...." (quotation marks and citation omitted)); *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (same).

Pursuant to the FAA, a claim is arbitrable if the following three criteria are satisfied: (1) there is a valid agreement to arbitrate; (2) the claim falls within the scope of the agreement to arbitrate; and (3) the claim, if a statutory one, must not be one which the legislative body enacting it intended to be precluded from arbitration. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Here, all three criteria are satisfied.

### A.    A Valid Agreement to Arbitrate Exists

Where the FAA applies, a district court's next step is to determine whether a valid agreement to arbitrate exists.  *Prima Paint Corp. v.* 38 *Flood & Conklin*, 8 U.S. 395 (1967). Judicial determinations on the validity of an agreement to arbitrate are to be decided as a matter of contract law. *See AT&T Technologies., Inc. v. Communications Workers of America*, 475 U.S. 643, 648–649 (1986). Under Alabama law, "[t]he elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract."  *Shaffer v. Regions Financial Corp.*, 29 So.3d 872, 880 (Ala. 2009) (citations and internal quotations omitted). The burden is on the party opposing arbitration to proffer evidence demonstrating that the agreement is invalid. *Gilmer*, 500 U.S. at 26.

When Plaintiff obtained his 2012 loan from Defendant, he signed the above-quoted Arbitration Agreement.  (Docs. # 4-1 and 6).  Plaintiff was most likely required to sign the

Agreement as a condition of the loan, but, in any event, his acceptance of the loan proceeds establishes the acceptance and consideration necessary to form a binding contract. Therefore, under Alabama law, the Agreement is valid and binding.

**B.     Plaintiff's Claim Are Within the Scope of the Agreement**

Under the Agreement, Plaintiff agreed to arbitrate "*all claims and disputes between us,"* including but not limited to "*any claim based on or arising under any federal, state, or local law, statute"* and "*any claim based on the improper disclosure of any information protected under state or federal consumer privacy laws*." (Doc. # 4-1). Without question, Plaintiff's claim under the Fair Credit Reporting Act that Defendant disclosed his personal information in connection with a loan to another customer is clearly within the scope of this agreement.

**C.     FCRA Claims are Arbitrable Statutory Claims**

The last issue the court must decide is whether the statutory claims involve rights which Congress did not intend to be subject to arbitration. *See Gilmer*, 500 U.S. at 26. The burden is on Plaintiff to prove that the legislature intended to preclude a waiver of judicial remedies for the statutory right asserted. *Id.*

Although the Eleventh Circuit has not spoken on the issue, at least one other Circuit Court, as well as other District Courts within this Circuit, have held that FCRA claims are arbitrable. *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 382 (5th Cir. 2008) (holding that Plaintiff's FCRA claims fell within the terms of the Loan Agreement's arbitration clause); *Campbell v. Verizon Wireless, LLC*, 2015 WL 416484 *8 (S.D. Ala. 2015) (holding that Plaintiff's FCRA claim was arbitrable because Plaintiff had pointed to no clear, specific expression by Congress that claims brought under the FCRA should not be referred to arbitration); *Pilitz v. Bluegreen Corp*., 2011 WL 3359641 *3 (M.D. Fla. 2011) (holding that

Plaintiff's FCRA claim was covered by the express terms of the Arbitration Agreement).  This court is persuaded by the convincing rationale stated in these decisions, and cannot say that Congress did not intend FCRA claims to be subject to arbitration and, therefore, holds that Plaintiff's FCRA claim is arbitrable under the FAA.

## II.       CONCLUSION

Because the three *Gilmer* criteria are satisfied, Defendant's Motion to Compel Arbitration is due to be granted.  A separate order will be entered.

**DONE** and **ORDERED** this August 20, 2015.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE